KC **FILED**

NOV 0 6 2007
NOV 06 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **07 CR    734** |
| | ) | |
| vs. | ) | <u>Violations</u>: Title 18, |
| | ) | United States Code, |
| SEIGFRIED STUBBS | ) | Sections 513(a) and 1343 |

<u>INDICTMENT</u>

**JUDGE GOTTSCHALL**

<u>COUNT ONE</u>
(Wire Fraud)

**MAGISTRATE JUDGE
GERALDINE SOAT BROWN**

The SPECIAL AUGUST 2006-1 GRAND JURY charges:

1. At times material to this indictment:

(a)    Defendant SEIGFRIED STUBBS held himself out to the public as an officer of a lending company called GSM Money Corp. ("GSM"), doing business at 6639 South Ashland Avenue, Chicago, Illinois, and 19060 South Pulaski Avenue, Country Club Hills, Illinois. Also located at 6639 South Ashland Avenue was a church known as Royal Priesthood Covenant Ministries ("Royal Priesthood"), where STUBBS served as a leader of a congregation.

(b)    Accounts in the name of Royal Priesthood were maintained at the Chicago Patrolmen's Federal Credit Union and at Bank One.

(c)    An account in the name of GSM was maintained at Guaranty Bank.

(d)    "Victim A" was the owner of an automobile dealership located in Maywood, Illinois.

(e)    "Victim B" was an owner of a real estate development company

located in East Point, Georgia.

(f)    "Victim C" was a church located in Vero Beach, Florida.

(g)    "Victim D" was a theme park property development company located in Oxford, Georgia

(h)    "Victim E" was a financial management company located in Dallas, Texas.

(i)    "Victim F" was the owner of a medical equipment engineering business located in Zeeland, Michigan.

2.    Beginning in or about March 2004, and continuing until in or about January 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

SEIGFRIED STUBBS,

defendant herein, devised and participated in a scheme to defraud and to obtain money from Victims A, B, C, D, E, and F, and others (hereinafter referred to collectively as "loan applicants"), by means of materially false and fraudulent pretenses, representations, and promises.

3.    It was part of the scheme that STUBBS, acting as an officer of GSM, offered multi-million-dollar, long-term commercial loans to small business owners and others seeking funds for business transactions. STUBBS offered such loans knowing that neither he nor GSM had the ability to fund the loans.

4.    It was further part of the scheme that STUBBS told loan applicants and their agents that they were required to pay certain loan fees in advance of the

2

processing of their loan applications and before the proceeds of any loans would be disbursed. STUBBS characterized these advance fees as "application" fees, "business plan" fees, "administrative" fees, and/or "processing" fees.

5. It was further part of the scheme that STUBBS falsely represented to loan applicants and their agents that GSM would refund their loan application fees if they did not receive the proceeds of the loans for which they had applied.

6. It was further part of the scheme that STUBBS directed loan applicants and their agents to pay the advance fees by check and/or by wire-transferring funds to either the GSM bank account or to one of the Royal Priesthood accounts. At STUBBS' direction, and in reliance on STUBBS' fraudulent promises and representations, loan applicants and their agents paid a total of more than $200,000 in advance fees.

7. It was further part of the scheme that neither STUBBS nor GSM funded any loans to the loan applicants, despite having collected over $200,000 in advance fees from them and their agents. STUBBS provided one loan applicant, Victim A, with a counterfeit cashier's check in the amount of $1,500,000, which STUBBS presented to Victim A as a partial disbursement on a promised $15,000,000 loan.

8. It was further part of the scheme that STUBBS concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence of the scheme, the purposes of the scheme, and the acts done in furtherance of the scheme.

3

9.    On or about May 11, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

SEIGFRIED STUBBS,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a wire-transfer of funds in the amount of approximately $24,500 from an account at Bay Bank & Trust Company in Florida, to the Royal Priesthood account at Chicago Patrolmen's Federal Credit Union in Chicago, Illinois, which funds transfer represented advance fees paid by Victim B for a loan that was never funded by STUBBS or GSM;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO
(Wire Fraud)

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 8 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about June 24, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### SEIGFRIED STUBBS,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a wire-transfer of funds in the amount of approximately $4,800, via Western Union, from the executive pastor and general manager of Victim C in Vero Beach, Florida, to STUBBS in Chicago, Illinois, which wire-transfer represented advance fees for a loan that was never funded by STUBBS or GSM;

In violation of Title 18, United States Code, Section 1343.

<u>COUNT THREE</u>
(Wire Fraud)

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 8 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about July 19, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

SEIGFRIED STUBBS,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a wire-transfer of funds in the amount of approximately $20,200 from the account of Victim C at Bank of America in Florida, to the Royal Priesthood account at Bank One in Chicago, Illinois, which funds transfer represented advance fees paid by Victim C for a loan that was never funded by STUBBS or GSM;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR
(Wire Fraud)

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 8 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.     On or about September 1, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### SEIGFRIED STUBBS,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a wire-transfer of funds in the amount of approximately $23,500 from the account of Victim D at Wachovia Bank, N.A. of Georgia, to the GSM account at Guaranty Bank in Chicago, Illinois, which funds transfer represented advance fees paid by Victim D for a loan that was never funded by STUBBS or GSM;

In violation of Title 18, United States Code, Section 1343.

COUNT FIVE
(Wire Fraud)

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 8 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about September 7, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

SEIGFRIED STUBBS,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a wire-transfer of funds in the amount of approximately $41,400 from the account of Victim E at Bank of America, Dallas, Texas, to the GSM account at Guaranty Bank in Chicago, Illinois, which funds transfer represented advance fees paid by Victim E for a loan that was never funded by STUBBS or GSM;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX
(Wire Fraud)

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 8 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about September 30, 2004, at Country Club Hills, in the Northern District of Illinois, Eastern Division, and elsewhere,

### SEIGFRIED STUBBS,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a letter captioned "Loan Approval Notification and Conditions," dated September 24, 2004, addressed to an officer of Victim E, which letter was transmitted from the facsimile machine at GSM's office in Country Club Hills, Illinois, to the facsimile machine of Victim E in Dallas, Texas, and stated, in part, "[i]t is with great pride and pleasure that GSM Money Corp. extends to you the approval of your business loan," after which such loan was never funded by STUBBS or GSM;

In violation of Title 18, United States Code, Section 1343.

9

COUNT SEVEN
(Wire Fraud)

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 8 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about December 14, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

SEIGFRIED STUBBS,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a wire-transfer of funds in the amount of approximately $8,395 from the account of Victim F at Huntington National Bank in Michigan, to the GSM account at Guaranty Bank in Chicago, Illinois, which funds transfer represented advance fees paid by Victim F for a loan that was never funded by STUBBS or GSM;

In violation of Title 18, United States Code, Section 1343.

10

## COUNT EIGHT
(Possessing and Uttering a Counterfeit Security)

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.     The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.     Austin Bank of Chicago and LaSalle Bank were financial institutions which operated in, and the activities of which affected, interstate commerce.

3.     On or about September 16, 2004, at Maywood, in the Northern District of Illinois, Eastern Division, and elsewhere,

### SEIGFRIED STUBBS,

defendant herein, knowingly uttered and possessed a counterfeited security of an organization, namely, a counterfeit LaSalle Bank cashier's check dated September 16, 2004, made payable to West Suburban Imports, Inc. in the amount of $1,500,000, with intent to deceive another person and an organization, namely, Individual A and Austin Bank of Chicago, where Individual A maintained an account and deposited the counterfeit check;

In violation of Title 18, United States Code, Section 513(a).

11

## FORFEITURE ALLEGATIONS

The SPECIAL AUGUST 2006-1 GRAND JURY alleges:

1.      The allegations in Counts One through Seven of this indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.      As a result of his violations of Title 18, United States Code, Section 1343, as alleged in Counts One through Seven,

## SEIGFRIED STUBBS,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all right, title, and interest he may have in any property, real and personal, which constitutes and was derived from proceeds traceable to such violations.

3.      The interests of STUBBS subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), include the sum of $200,000.

4.      If any of the forfeitable property described above, as a result of any act or omission by STUBBS:

       (a)     cannot be located upon the exercise of due diligence;

       (b)     has been transferred or sold to, or deposited with, a third party;

       (c)     has been placed beyond the jurisdiction of the court;

       (d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided
        without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28,

United States Code, Section 2461(c);

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28,

United States Code, Section 2461(c).


                                          A TRUE BILL:


                                          _____
                                          FOREPERSON


_____
UNITED STATES ATTORNEY


13