UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 734 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| SEIGFRIED STUBBS | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby responds to defendant Seigfried Stubbs' Motion for Early Return of Trial Subpoenas, Motion for Production of 404(b) Material, and Motion for Immediate Disclosure of Favorable Evidence.

1.    Motion for Early Return of Trial Subpoenas

Stubbs requests an order authorizing an early return of trial subpoenas pursuant to Fed. R. Crim. P. 17.  The government has no objection to this motion.  The government simply requests that any order authorizing an early return of trial subpoenas apply equally to subpoenas issued by the defense and subpoenas issued by the government.

2.    Motion for Production of 404(b) Material

By this motion, Stubbs requests an order requiring the government to give notice of its intent to offer evidence pursuant to Rule 404(b).  This motion should be denied.

The government acknowledges that it has an obligation to provide reasonable pretrial notice, unless pretrial notice is excused for good cause, "of the general nature

of any such [404(b)] evidence it intends to introduce at trial." Fed. R. Evid. 404(b).  But

the government has not yet made a determination as whether it will offer any evidence

pursuant Rule 404(b).  If the government subsequently decides to offer evidence

pursuant to Rule 404(b), it will provide reasonable notice in accord with Rule 404(b)'s

requirements, no later than 30 days prior to trial, as requested by Stubbs.

      3.    <u>Motion for Immediate Disclosure of Favorable Evidence</u>

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*,

405 U.S. 150 (1972), Stubbs moves for the production of any exculpatory and

impeachment evidence, including any grants of immunity, plea agreements, or other

related benefits given to government witnesses in exchange for their testimony or

assistance; any financial assistance provided to government witnesses; any criminal

records of government witnesses, including information relating to any uncharged

crimes; any information pertaining to drug abuse and psychiatric problems of the

witnesses, insofar as such problems affect the witnesses' ability to testify truthfully

and accurately; any records pertaining to witnesses who stated that they were unaware

of Stubbs' involvement in the offenses charged in the indictment or that the alleged

acts did not take place; any evidence that Stubbs was not predisposed to commit the

charged offenses, did not intend to do so, or was induced to do so by individuals acting

on behalf of the government; and any evidence that the National Insurance Crime

Bureau funded the government's investigation or played any role in the investigation.

To the extent that Stubbs is requesting the production of any exculpatory

evidence under *Brady*, the government does not have any *Brady* material in its

possession; nor is the government aware of the existence of any such material. The government acknowledges that it has a continuing obligation to disclose any *Brady* material that subsequently comes into its possession, and the government will honor that continuing obligation by promptly disclosing any newly-discovered evidence that conceivably could be exculpatory.

To the extent that Stubbs seeks the immediate production of any impeachment material under *Giglio*, Stubbs' request is premature. This case is not scheduled to go to trial until July 7, 2008, and the government has not yet made a decision as to whom it will call as witnesses. The government agrees to turn over any *Giglio* material of its trial witnesses no later than 2 weeks before trial, assuming any such material has not already been turned over by then.

Much of the material that Stubbs is requesting either does not exist (*e.g.*, the National Insurance Crime Bureau had no involvement or connection to this case) or, if it does exist, has already been turned over. Most notably, the government has already turned over all of the pertinent witness statements. Other items listed in Stubbs' motion cannot be categorized as *Brady* or *Giglio* material in any event. For instance, Stubbs' request for production of material pertaining to "[a]ny criminal activity in which a potential government witness has engaged which has not resulted in prosecution or conviction" (*Stubbs' Motion*, at 2 ¶5) is too broad: there must be at least some connection between the uncharged criminal act and the witness' credibility or truthfulness before Stubbs may inquire into the matter at trial. *See* Fed. R. Evid.

608(b); *Pantoja v. DeRobertis*, 1987 WL 9023, at *3 (N.D. Ill. 1987) ("defendant may not attempt to impeach plaintiff through the mere existence of a criminal charge or arrest which did not lead to conviction," unless the acts underlying the arrest involved dishonesty); *United States v. DeStefano*, 1995 WL 398763, at *8 (N.D. Ill. 1995) ("[n]one of these 'prior bad acts' resulted in convictions and none involved dishonesty. Therefore, defendants may not inquire into these acts"); *United States v. Rodriguez-Andrade*, 62 F.3d 948, 952 (7th Cir. 1995) (burglary and criminal trespass convictions excluded at trial "because they were unrelated to [the witness]'s ability to tell the truth").  There is nothing in *Brady*, *Giglio*, or the federal rules which permits Stubbs to inquire into "[a]ny criminal activity" of a witness, regardless of the nature of that activity or whether it resulted in a conviction.

For the foregoing reasons, Stubbs' Motion for Immediate Disclosure of Favorable Evidence should be denied.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney


By:    s/Brian R. Havey
       BRIAN R. HAVEY
       Assistant United States Attorney
       219 South Dearborn Street
       Chicago, Illinois 60604
       (312) 886-2065

4

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS**,

was served on March 14, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

s/Brian R. Havey
BRIAN R. HAVEY
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-2065